**SHANKLIN CORPORATION,**
Plaintiff–Appellee,

v.

**AMERICAN PACKAGING MACHINERY, INC. and Rally Packaging Corporation, Defendants–Appellants.**

No. 02–1346.

United States Court of Appeals, Federal Circuit.

July 31, 2002.

Before LOURIE, GAJARSA and LINN, Circuit Judges.

---

**474**

## ON MOTION

LOURIE, Circuit Judge.

### ORDER

Shanklin Corporation moves to dismiss the appeal of American Packaging Machinery, Inc. and Rally Packaging Corporation (APM) for lack of jurisdiction. APM opposes. Shanklin replies.

APM filed an appeal from an order of the United States District Court for the Northern District of Illinois in which that court found infringement of claims 1–9 of Shanklin's patent. In the order, the district court stated:

> In sum, plaintiff's motion for summary judgment is granted, and defendants' summary judgment motion is denied. It would appear that our finding of infringement would also doom the defendants' counterclaim for tortious interference with contract, as it is based on the allegation that plaintiff was unjustified in interfering with the Rank Video/Rally contract. However, because neither side specifically discussed how a finding of infringement would effect [sic] the counterclaim, we will deny the defendants' motion for partial summary judgment on the counterclaim without prejudice at this time and will not further analyze plaintiff's other defenses to that claim. The parties are directed to appear at a status hearing ... to discuss the remaining issues in this case, including how to proceed with damages portion of this case, whether plaintiff still intends to proceed with regard to claims 10 and 11, and the effect this ruling has on the viability of defendants' counterclaim.

It is clear that this case is not final except for an accounting, *see* 28 U.S.C.

§ 1292(c)(2), because the district court has not expressly decided all matters except for the accounting. APM argues that because infringement has been found, that "would require the dismissal of the Appellants' counterclaim." However, the district court has not so held. Also, the parties do not discuss whether infringement of claims 10 and 11 remains to be litigated and whether other issues remain.* In any event, it is clear from the district court's order regarding summary judgment of infringement that the case is not final except for an accounting. Thus, the appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) Shanklin's motion to dismiss is granted.

(2) Each side shall bear its own costs.

---

* In a different order, the district court noted that Shanklin's motion for a preliminary injunction remains pending. This also indicates that not all issues or claims, other than the accounting, have been decided.